IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:21-CV-078-DCK

| | |
|---|---|
| SHANNON LYNN PLUMLEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KILOLO KIJAKAZI, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 14) and "Commissioner's Motion For Summary Judgment" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's Motion For Summary Judgment" be granted; that the "Commissioner's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and remanded for further consideration.

## BACKGROUND

Shannon Lynn Plumley ("Plaintiff" or "Plumley"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") on or about May 2, 2019, under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383, both alleging an inability to work due to a disabling condition beginning January 1, 2019.

(Transcript of the Record of Proceedings ("Tr.") 37, 205-215). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on October 10, 2019, and again after reconsideration on January 13, 2020. (Tr. 159, 166, 170, ). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Your condition results in some limitations in your ability to perform work related activities. We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information and work experience in determining how your condition affects your ability to work. . . . We realize that your condition keeps you from doing any or your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 166, 170).

Plaintiff filed a timely written request for a hearing on or about February 23, 2020. (Tr. 37, 178 ). On September 24, 2020, Plaintiff appeared and testified at a hearing before Administrative Law Judge Paul Goodson (the "ALJ"). (Tr. 75-104). In addition, Chanda Griffin, a vocational expert ("VE"), and C. Jane Johnson, Plaintiff's attorney, appeared at the hearing. Id. The ALJ issued an unfavorable decision on October 7, 2020, denying Plaintiff's claim. (Tr. 37-48).

On November 29, 2020, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 19, 2021. (Tr. 2-5, 202-203). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 2). The Appeals Council noted that

> If you want us to consider whether you were disabled after October 7, 2020, you need to apply again. . . . You have the right to file a new application at any time, but filing a new application is not the same as filing a civil action.

(Tr. 3).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 13, 2021. (Document No. 1). The parties consented to Magistrate Judge jurisdiction on October 25, 2021, and this case was reassigned to the undersigned as presiding judge. (Document No. 11).

"Plaintiff's Motion For Summary Judgment" (Document No. 14) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 15) were filed January 6, 2022; and "Commissioner's Motion For Summary Judgment" (Document No. 16) and "Memorandum In Support Of Defendant's Motion For Judgment On The Pleadings" (Document No. 17) were filed March 7, 2022. "Plaintiff's Reply Brief" (Document No. 18) was filed on March 21, 2022.

"Plaintiff's Supplemental Reply Brief" (Document No. 20) was filed on September 30, 2022, withdrawing her argument regarding "the constitutional invalidity or defect related to the underlying ALJ decision."

The pending motions are now ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**DISCUSSION**

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2019, and October 7, 2020.[1] (Tr. 38, 47-48). To establish entitlement to benefits, Plaintiff has the burden of proving

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 46-47).

---

period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 1, 2019, the alleged disability onset date. (Tr. 39). At the second step, the ALJ found that "bipolar disorder, substance abuse, and attention deficit hyperactivity disorder (ADHD)" were severe impairments.[2] (Tr. 39-40). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 40-41).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform a full range of work at all exertional levels but had the following nonexertional limitations:

> unskilled work of routine repetitive nature performed in 2 hour segments (reasoning level 1-2); non production pace (non automated/non conveyor belt pacing); stable work setting; no public contact; occasional contact with supervisors and coworkers but the work itself cannot require teamwork for task completion; no conflict resolution or crisis management

(Tr. 42). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a "heating and air conditioning installer service helper (DOT 637.664-010)." (Tr. 46). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 47). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

included a cleaner II, a photocopy machine operator, and a dial marker.  Id.  Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2019, and the date of his decision, October 7, 2020.  (Tr. 47-48).

On appeal to this Court, Plaintiff alleges that:  (1) "the Appeals Council erred in finding that Plaintiff's new and material evidence 'does not relate to the period at issue' and would not change the outcome of the decision";  and (2) that "the ALJ's RFC is contrary to law and not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinion evidence." (Document No. 15, p. 1).[3]  Plaintiff also originally argued that the Commissioner was not constitutionally appointed, and therefore, remand was required;  however, Plaintiff has since withdrawn that argument.  See (Document No. 15 and Document No. 20).

The undersigned finds that Plaintiff's first argument provides sufficient cause for remand.

**Appeals Council Denial**

In the first assignment of error, Plaintiff argues that the Appeals Council erred in finding that the medical evidence in a "Psychological Evaluation" from Crossroads Counseling Center, provided to the Appeals Council on December 6, 2020, did "not relate to the period at issue." (Document No. 15, p. 4); see also (Tr. 3, 25-33).  Plaintiff notes that the Psychological Evaluation at issue here was based on a series of psychological tests [and an interview and mental status exam] performed over the course of five sessions between October 27, 2020, and December 4, 2020. (Document No. 15, p. 5) (citing Tr. 25).

Plaintiff observes that 20 C.F.R. 404.970 directs that the Appeals Council will review a case at party's request or on its own motion if

> the Appeals Council receives additional evidence that is new, material, and related to the period on or before the hearing decision,

---

[3] Plaintiff's brief is not organized as directed by this Court's Local Rules.  See LCvR 7.1(d).

> and there is a reasonable probability that the additional evidence
> would change the outcome of the decision.

20 C.F.R. 404.970(a)(5). See also (Document No. 15, p. 4).

Plaintiff argues that the Appeals Council rejected Plaintiff's evidence "based solely on the *date* of the evidence rather than considering whether it was related to the period on or before the date of the hearing decision." (Document No. 15, pp. 7-8) (citing 20 C.F.R. 404.970(a)(5)). Plaintiff asserts that "the pertinent question is whether the evidence *has any bearing on whether he was disabled during the relevant period*." (Document No. 15, p. 8) (citing Coffman v. Colvin, 2015 WL 5786800, at *9 (S.D.W.Va. Sept. 30, 2015)). Plaintiff notes that the evaluation at issue here was performed between 3-6 weeks after the ALJ's decision [and the end of the relevant period], and then concludes that "there is no basis to infer that his intellectual ability changed during this interval." (Document No. 15, p. 8).

Plaintiff also notes that the ALJ did not find an opinion by Dr. Javier Rojas dated September 2020, to be "persuasive or consistent with the treatment records," but that the "math of that analysis . . . patently changes, when new evidence directly bearing on the same impairments the ALJ evaluated in his decision becomes part of the record." (Document No. 15, p. 9) (citing Tr. 45). Plaintiff concludes that the additional evidence in the Psychological Evaluation submitted December 6, 2020, meets the criteria of 20 C.F.R. 404.970(a)(5). (Document No. 15, p. 10).

In response, Defendant agrees that the Psychological Evaluation was based on testing on dates from late October 2020 through early December 2020, but argues that the evaluation did not apply to the period of time before the ALJ," June 6, 2016, through October 7, 2020, because the testing was performed after the ALJ decision. (Document No. 17, p. 19).

Defendant further argues that even including this new evidence, substantial evidence still supports the ALJ's decision. (Document No. 17, p. 20). Defendant contends that all the evidence

supports the ALJ's RFC, including the December 2020, Psychological Evaluation. (Document No. 17, p. 22).

In reply, Plaintiff reasserts that the Appeals Council rejected the new "evidence *solely because of the date of the evaluation*." (Document No. 18, p. 1). According to Plaintiff, "[c]ommon sense dictates that a psychological report dated less than 2 months after the ALJ's decision and based on a series of evaluation beginning less than 3 weeks after the ALJ decision, *plainly* relates to the period at issue." (Document No. 18, p. 2).

Plaintiff goes on to argue that the new evidence is likely to change the ALJ's RFC finding. Id. Plaintiff notes that the ALJ found attention deficit hyperactivity disorder, bipolar disorder, and substance abuse to be severe impairments, but that the testing in the Psychological Evaluation at issue "revealed intellectual deficits with extremely low working memory, borderline processing speed, and a full scale IQ of 74." Id. Plaintiff contends the intellectual deficits are new impairments, distinct from the impairments the ALJ already found severe. Id.

The undersigned finds that based on Plaintiff's arguments this matter should be remanded for further consideration. It does appear that the Appeals Council rejected the new evidence based solely on the submission date without considering how it might relate to the period at issue. Moreover, it appears likely that the evidence in question is new, material, relates to the period on or before October 7, 2020, and that it could change the outcome of the decision. See (Tr. 3 and 20 C.F.R. 404.970(a)(5)).

Although this case presents somewhat of a close call, the undersigned finds a decision by the Honorable J. Michelle Childs to be instructive here. Under similar circumstances in Norris v. Colvin, Judge Childs found that "the only discernible consideration for the Appeals Council regarding Dr. Bridwell's report was whether it related to the period on or before the ALJ decision"

9

and that "the Appeals Council limited its explanation as to why Dr. Bridwell's report did not relate to Plaintiff's relevant disability period to the fact that the medical report was dated after the ALJ decision." Norris v. Colvin, 142 F. Supp. 3d 419, 423 (D.S.C. 2015)

Based on the foregoing, Judge Childs concluded that it was

> appropriate to remand to the ALJ for further consideration of Plaintiff's later medical report—as other district courts of the Fourth Circuit have—because it is not evident that the Appeals Council appropriately determined whether Dr. Bridell's medical opinion was 1) new, 2) material, *and* 3) related to the period on or before the date of the ALJ's hearing decision, as it is required.

Id. (citations omitted).

ALJ Goodson's decision in this case may ultimately turn out to be correct; however, the undersigned finds that this matter should be remanded for further consideration that includes Plaintiff's evidence submitted on December 6, 2020.

**IT IS, THEREFORE, ORDERED** that: "Plaintiff's Motion For Summary Judgment" (Document No. 14) is **GRANTED**; the "Commissioner's Motion For Summary Judgment" (Document No. 16) is **DENIED**; and the Commissioner's determination is **VACATED** and **REMANDED** for further consideration.

**SO ORDERED**.

Signed: February 9, 2023

David C. Keesler
United States Magistrate Judge