# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:21-CV-078-DCK

| | |
|---|---|
| SHANNON LYNN PLUMLEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Attorney Fees Under The Equal Access To Justice Act" (Document No. 23) filed May 10, 2023. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, and noting the parties' "Stipulation…" (Document No. 27), the undersigned will grant the motion with modification.

Plaintiff originally sought $9,006.00 in fees under the EAJA. (Document No. 23). Defendant declined to consent to Plaintiff's original request, but the parties later filed a "Stipulation For An Award Of Attorney's Fees Under the Equal Access To Justice Act" (Document No. 27), wherein the parties agreed to an award of $6,800.00 in EAJA fees.

The undersigned notes that "Plaintiff's Motion For Attorney's Fees…" asserts that "Plaintiff argued two substantive issues." (Document No. 23, p. 4). This assertion is incorrect. Plaintiff's motion declines to acknowledge that Plaintiff presented a third issue by which she argued that the ALJ decision was "constitutionally defective, requiring remand." See (Document No. 15, p. 1); see also (Document No. 1, pp. 22-23; Document No. 18, pp. 3-10). Although

Plaintiff argued that it "is undisputed that Plaintiff's constitutional rights were violated in this case," when directed by the Court to file a supplemental brief in support of her constitutional argument or a notice of withdrawal of that argument, Plaintiff elected to withdraw her constitutional argument. See (Document Nos. 19 and 20).

Plaintiff concedes that "the time expended in this case is slightly outside the range generally found reasonable," but suggests that this is because different counsel represented her at the administrative level. (Document No. 23, p. 5). The undersigned finds that it is more likely the time spent on this case is higher than usual based on the additional constitutional argument, and the fact that two (2) paralegals and three (3) attorneys appear to have worked on this case. See (Document No. 23-1, pp. 1-2). At least some of the work by Plaintiff's law firm appears to be duplicative. (Document No. 23-1, pp. 1-2). For example, both a paralegal and a partner recorded time for reviewing simple docket entries indicating case assignments to the Honorable Graham C. Mullen and to the undersigned. Id. The Court is not persuaded that this case required the work of two (2) paralegals, two (2) partners, and a senior associate. Id.

The undersigned commends the parties for reaching a "Stipulation For An Award Of Attorney's Fees…" (Document No. 27), and assumes that the parties likely considered some of the same issues identified above that cause the Court concern about the time spent on this case. Nevertheless, the undersigned still finds the time spent / fees requested to be "outside the range generally found reasonable" by this Court. A decision by the Honorable Kenneth D. Bell is instructive here:

> an award of attorney's fees must always be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. *See Hyatt v. Barnhart*, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

> Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id.* Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. *See Miles v. Colvin*, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014); *Dixon v. Astrue*, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008); *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986). The Court has discretion to determine what constitutes a reasonable fee award. *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

McKinney v. Kijakazi, No. 3:20-CV-278-KDB-DCK, 2022 WL 17342880, at *1 (W.D.N.C. Nov. 30, 2022).

Based on the foregoing, the undersigned finds that a further reduction of the amount agreed upon by the parties is appropriate. Having reviewed the motion, supporting exhibits, and the record, the Court determines that Plaintiff should be awarded reasonable attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of **$5,750.00**.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Attorney Fees Under The Equal Access To Justice Act" (Document No. 23) is **GRANTED with modification**.

The Court will award attorney fees in the amount of **$5,750.00**, and pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, that debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe any debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay those fees directly to the Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**SO ORDERED**.

Signed: June 6, 2023

David C. Keesler
United States Magistrate Judge